```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA
```

ERIC D. WARD,                    )
                                 )
         Plaintiff,              )
                                 )
v.                               )  Case No. CIV-13-357-JHP-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
         Defendant.              )

## REPORT AND RECOMMENDATION

Plaintiff Eric D. Ward (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 21, 1962 and was 49 years old at the time of the ALJ's decision. Claimant completed his high school education with special education classes. Although he attended electronics training at a technical school, he did not complete the course work. Claimant has worked in the past as a commercial cleaner, fast food worker, and grocery sacker. Claimant alleges an

3

inability to work beginning February 2, 1992 due to limitations resulting from knee, neck, and back pain, borderline intellectual functioning, mood disorder, and general anxiety.

**Procedural History**

On July 14, 2010, Claimant protectively filed for Child's Disability Insurance Benefits and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Trace Baldwin ("ALJ") on November 8, 2011 in McAlester, Oklahoma. The ALJ issued an unfavorable decision on February 6, 2012. On June 20, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step two of the sequential evaluation. He determined that while Claimant suffered from medically determinable impairments, none were severe such as to preclude Claimant from engaging in basic work activity.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) rejecting the opinion of the consultative mental examiner; and (2) finding Claimant did not suffer from a severe impairment at step two.

**Evaluation of the Medical Opinion Testimony**

In his decision, the ALJ determined Claimant suffered from the medically determinable impairments of borderline intellectual functioning, mood disorder, NOS, and generalized anxiety disorder. (Tr. 38). He concluded, however, that none of these conditions significantly limited Claimant's ability to perform basic work activities for 12 consecutive months prior to attaining the age of 22 and, therefore, were not severe impairments. (Tr. 38). The ALJ concluded Claimant was not under a disability at any time prior to November 20, 1984, the date he attained the age of 22 or at any time from February 2, 1992 through the date of the ALJ's decision. (Tr. 42).

Claimant contends the ALJ improperly rejected the opinion of the consultative mental health examiner. On December 6, 2011, Dr. Denise LaGrand completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental) on Claimant. Dr. LaGrand found Claimant to be markedly limited in the areas of understanding and remembering complex instructions, carrying out complex instructions, and the ability to make judgments on complex work-

related decisions. (Tr. 367). The form defines a "marked" limitation as one where "[t]here is serious limitation in this area. There is a substantial loss in the ability to effectively function." Id. Moderate limitations were found in the areas of understanding and remembering simple instructions, carrying out simple instructions, and the ability to make judgments on simple work-related decisions. Id. A "moderate" limitation is one where "[t]here is more than a slight limitation in this area, but the individual is still able to function satisfactorily." Id. Dr. LaGrand cited Claimant's IQ of 65 and low achievement scores as the basis for these findings. Id.

The ALJ noted Dr. LaGrand's objective testing and Claimant's low IQ scores. He determined, however, that Claimant could handle his funds without assistance and live independently. The ALJ noted Claimant indicated he was working effectively and would like to have more hours at work. (Tr. 42). The ALJ, of course, also found Claimant's work did not represent substantial gainful activity. (Tr. 37).

The Commissioner's regulations require the ALJ to consider all medical opinions in the record. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). She must also discuss the weight she assigns to such opinions. *See* id. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)("[T]he

6

administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us."). The regulations identify a number of specific factors the ALJ should consider in deciding the weight to give to a medical opinion. Id. §§ 404.1527(c); 416.927(c).

The ALJ failed to comply with these regulations in the assessment of Dr. LaGrand's opinion. Indeed, he neither accepted nor rejected the opinion but merely recited its content. On remand, the ALJ shall reassess Dr. LaGrand's opinion and evaluate the weight which should be afforded to it.

**Step Two Evaluation**

Claimant also asserts the ALJ erred in failing to find his borderline intellectual functioning as a severe impairment at step two. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28. The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

Given Dr. LaGrand's functional assessment, this Court finds that substantial evidence exists to suggest that Claimant's borderline intellectual functioning constitutes a severe impairment. The ultimate determination at step two will turn upon the ALJ's re-evaluation of Dr. LaGrand's opinion evidence. Upon reassessing this evidence, the ALJ shall reconsider his finding of no severe impairment at step two on remand.

## Conclusion

The decision of the Commissioner is not supported by

substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 17th day of February, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE